Our final argument of the day is in Appeal No. 22-1325, the United States v. Roberto Cruz-Rivera. Ms. Christensen, nice to see you. Nice to see you, Your Honor. Whenever you're ready. Thank you. May it please the Court, Counsel. My name is Joanna Christensen. I represent the appellant, Roberto Cruz-Rivera. What we have in this case is a condition of supervised release that no one seems to know how to enforce. And perhaps more importantly to Mr. Cruz-Rivera, the District Court didn't make any findings about why this condition was necessary in this case. Mr. Cruz-Rivera was convicted of a SORNA violation, failing to register as a sex offender. That's what he's in federal court for. This Court has held in Goodwin that SORNA offenders do not automatically get this search condition, which is Condition 13. And the Court didn't consider that. In fact, the probation officer said that this condition is imposed on all monitored offenders in the Southern District of Indiana, but seemed to have some confusion about how those monitored offenders are treated under this condition. Probable cause, reasonable suspicion, permission from the probation supervisor, law enforcement involvement. The Court did not resolve any of those issues satisfactorily and then imposed the condition as it was written in the pre-sentence report. Now Mr. Cruz-Rivera's offense is not something that this condition will have any effect on. His registry offense is taken care of by the visit condition, as in many of the concerns that the government expresses on page 20 of its brief, that is failure to notify of residence changes. Mr. Cruz-Rivera will register and compliance with that can be checked by computer. The probation officer can visit him through Condition Number 3. All of these concerns can be taken care of without depriving him of the additional liberty of the search and seizure condition in Condition 13. In fact, this Court has previously held in Morgan that without additional findings, there's no reason to impose a search and seizure condition in addition to the probation officer visit condition. That is a case from the Northern District of Illinois, which has since stopped imposing that search condition without additional findings from the District Court. Again, in Farmer, this Court made similar findings about the condition that it wasn't reasonably related to the offense. Farmer was not a sex offender who had to register under SORNA, but the Court said that there was not enough evidence. In that case, the reasonable suspicion standard wasn't in the condition and it's since been added, but of course that doesn't change the fact that the probation officer in the Court can't seem to agree on which standard should be used to supervise Mr. Cruz-Rivera. In addition, the guidelines conflict with the statute. This is actually an interesting issue that I didn't know existed until I started doing some research. The statute instructs the District Court to consider the guidelines when imposing conditions of supervised release. The guidelines have conditions of supervised release, including this one, which say that it should be imposed for sex offenders, but the guidelines say that SORNA defendants are not sex offenders. The statute seems to say the Court may impose it. The guidelines say it's not appropriate. That issue should probably be resolved in this case as well because a challenge was raised. Again, this order by the Court, the oral order, conflicts with the written judgment and conflicts internally with the rest of the oral orders at the sentencing hearing. Mr. Cruz-Rivera has no idea how he is going to be supervised and how this is going to be applied to him because if it truly is applied the way the probation officer says it's applied, that's not what the condition says. The condition doesn't say probable cause and supervisor approvals. It says reasonable suspicion with possible law enforcement involvement. That's a huge difference to an offender. This case is perhaps not unique, but in Mr. Cruz-Rivera's case, he is wishing to go to Florida when he's released to supervised release, and we have no idea how the Florida probation officer, if that transfer is approved, will apply this condition. That adds another layer of uncertainty in this case. The very bottom line is Mr. Cruz-Rivera cannot know what conduct will be considered in this search condition, where he stands with probation officers, and there's no need for the condition when condition 3 also exists. Unless the court has questions, I'll save the rest of my time. With regard to the district court originally saying that it would be conducted with probable cause, later she does correct that on page 48 of the transcript, and then the written judgment obviously sets forth that it's with reasonable suspicion. Why isn't that enough? I think what occurs on page 48, if I remember, is that she's essentially reading the condition then into the record. Which then is the condition that's imposed by the written judgment, right? Right. Which controls in this case. Right. But when she's making the ruling on whether it's probable cause, that vacillation between probable cause, some suspicion, reasonable suspicion, calls into question how probation is going to interpret that condition, particularly when you have probation saying that we only do the search based on probable cause with supervisor approval. So I think there is the clear-cut statement of the condition as it's proposed in the pre-sentence report. The court then reads it, and then it's in the judgment. The problem is the ruling on that condition doesn't match the reading of the condition and then the written condition. Okay. Very well.  Thank you. Mr. Eekman, good afternoon. Good afternoon, Your Honor. Thank you, and may it please the court. My name is Adam Eekman, and I represent the appellee in this case, the United States of America. I'd like to talk about a few of the points my colleague just made. First, there is no confusion about the standard that will be applied here. It is reasonable suspicion. It is not probable cause. In the PSR that was issued, the probation officer recommended that the court authorize searches based on reasonable suspicion. Mr. Cruz-Rivera then objected to that. At the hearing, sentencing hearing, the court overruled that objection and adopted the language of the PSR. Then, after giving the explanation for why it overruled that objection, the court then announced, as Judge Lee pointed out, that the court was prepared to announce what the sentence was. The court then read aloud the condition, Condition 13, which stated unambiguously it was authorizing searches based on reasonable suspicion. If there's any confusion even after that, the court followed it up with a written judgment. The written judgment matched the PSR. It matched what was said at sentencing. It authorized searches based on reasonable suspicion, not probable cause. So there's no confusion here about what the sentence is. The only part that may have been confusing was early in that sentencing, the judge, in explaining why the judge was overruling the objection, did mention probable cause and trying to explain what the probation officer said. But the standard is that the sentence needs to be reversed because the sentence is unclear. And here the sentence is crystal clear. It's searches based on reasonable suspicion. So even if they're early in the sentencing, there may have been stray remarks that may have been a little confusing. But when the court said it is now prepared to announce what the sentence will be, that was clear, reasonable suspicion. Another point I'd like to address brought up by my colleague was she cited the Goodwin case and the Farmer case. And those cases really aren't helpful for the analysis here because in both of those cases, the court authorized searches that were not based on reasonable suspicion. They were just searches without any reasonable suspicion at all. Even unreasonable suspicion were authorized under those conditions. And those courts had problems with those, perhaps rightfully so, but those aren't particularly helpful here because here the court's authorized searches based on reasonable suspicion. So Goodwin and Farmer aren't particularly helpful. Mr. Eichmann, when it comes to the rationale that the district court gave for let's move beyond the reasonable suspicion, right? There's no question she read that into her final sentence. There's no question it's in the written ultimate judgment in the conditions. But how do you defend the rationale that was given for why the condition is warranted? Because I only see really two reasons, but you can correct me on this. From page appendix, short appendix, page 3 or page 18 of the sentencing transcript, that the condition is warranted because of the nature of his underlying conviction. That's one reason. And then the second reason is that the searches wouldn't be conducted, you know, there would be some standard. Let's just go ahead and write in reasonable suspicion there. Are there other reasons that you know of in the transcript that were given for why the condition is warranted? Yes, I believe later on in imposing that condition she stated that it was necessary, I believe the quote is, to protect society. And that is reflected also in the PSR that was adopted. And I think it's important here to remember, Judge, what this judge had in front of her. She was looking at someone that she knew was convicted of a very brutal rape. He was a convicted sex offender. And then while he was in Indiana, unregistered, he committed auto theft and he resisted law enforcement. And then while on probation, he wrecked up several probation violations. He failed to provide a truthful address to probation, failed to update his address. He left the state without permission. He failed to report to his probation officer. Several other violations, Your Honor. And this was all in her mind and keeping the background that the underlying offense here was essentially failing to follow the terms of his supervised release from the underlying conviction of his rape conviction in New York. So the judge had all of these facts in front of her, suggesting that there's every reason to believe that Mr. Cruz Rivera might not be fully compliant with the terms of his supervised release. Okay. That's fair argument. I get that. But can you take that and point us to where any of that was made, was found by the district judge in imposing this condition? Or is your contention, well, you should read all of that noncompliant history into a need to protect society. Read that into the nature of his conviction. Because it's not said in the transcript. Yes. I would answer that question in two ways, Your Honor. First, I think going to the second thing you said, we would agree. So when she said protect society, what did she mean by that? What was she thinking of when she said that? She had in her mind all of these facts. But the other point I would make is under this case's precedent armor, when the court explains the sentence, why it's imposing the sentence it does, even when it's explaining why it's imposing the terms of imprisonment, like the 41 months in this case, that explanation applies with equal force to the terms of the supervised release. To put it a different way, the terms of supervised release are a part of the sentence. So when the court explains why it's imposing the sentence it is, it is explaining the terms of supervised release. And here the court had a lengthy and thorough explanation for why it was imposing the sentence it was. It took up pages and pages of transcripts. She explained his childhood, his relationship with his mother, his relationship with his father, but also that the underlying offense here was a brutal rape. I think she used that word. The concern that I have, another way to ask the question is I'm concerned about the condition being automatic. So in other words, you have a criminal offense. There's no question. It's as serious as it can get. He has the criminal offense. That's the nature of it. He has a tough background that way, and it's automatic. It's because you just take all the 3553 analysis, point to armor, import it over, and say, yeah, it's warranted here. Yes, Your Honor. I think that concern can be alleviated by this court's precedent in Capice, which says it should justify the condition, but the court need not go through every condition and explain in detail, okay, here's why I'm doing this condition under the 3553A or 3583D factors. It doesn't need to do condition by condition. But another way to address that is even under that standard, the court did explain this condition. It did address it specifically. It gave a reason for imposing it, and it adopted the reasons of the PSR. So taken together, a thorough explanation of the sentence as a whole, and then an admittedly brief but specifically addressing Condition 13 and why it imposed Condition 13 specifically is enough under the standard of Capice, which doesn't require that every condition be addressed specifically. It exceeds that standard, and it certainly is not an abuse of discretion. And I think it's important to be mindful that we are here under an abuse of discretion standard, that we are considering a sentence imposed by a judge who knew the facts of this case, who knew this defendant well. The judge even presided as it was a bench trial, so the judge knew the defendant through the bench trial. So it's important to be mindful that this standard abuse of discretion is important, and the question of did she abuse her discretion and just keeping that statement brief and saying it was necessary to protect society. Seeing no further questions from the bench, we'll rest. Thank you. Very well. Thank you. So I think we even have problems if we all say, okay, what she meant was reasonable suspicion. The problem is, first, that's not what probation is doing, and I think we have a huge disconnect if probation is doing something that the district court isn't ordering. And that's what the probation officer said was never rebutted in this case. We have Goodwin and Farmer. Actually, I think Farmer came before Goodwin. But then we also have Morgan, which dealt with a reasonable suspicion search condition and a condition three that the government doesn't address, is that these are not both needed in these cases, and it's an extreme deprivation of liberty. The government would like to read the court's mind about what she was thinking when she imposed this condition. And, yes, she knew all of Mr. Cruz-Rivera's history, maybe his probation violations, but it's not clear. Even if she did know all of this, that doesn't point to the search condition in this case because all of those concerns can be addressed by the other conditions of supervised release. The problem with relying on Armour and Kappus here is that it is an automatic condition for every offender. And Armour and Kappus look very specifically at the specific findings that the district court made about that defendant and say, well, the court made these findings about that defendant. They can apply it to the entire sentence. But we have a condition that's applied in every case, and I think that the court can't then hide behind Kappus and Armour and say, well, yeah, but I meant that, too, about this condition, which is recommended for sex offenders, is not recommended by the guidelines, and is still imposed in every case in the Southern District of Indiana. So unless the court has further questions, I'll stand on my briefs. Thank you. Okay. Thanks to both counsel. We'll take the appeal under advisement. That concludes today's arguments, and the court will be in recess.